UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

In the Matter of LUIS CAMEJO PEREZ, as Owner of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818,

    Petitioner.

CASE NO. _____

**PETITION FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

LUIS CAMEJO PEREZ ("Petitioner"), as Owner of the 2018 Contender Boats 39-foot center console vessel bearing Hull Identification No. JDJ9V148B818, files this Petition for Exoneration From or Limitation of Liability and states:

1. This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, 46 U.S.C. §§ 30501, Rule 9(h), and Supplemental Rule F.

2. Petitioner is over age 18, is a permanent resident of Broward County, Florida, and resided in Broward County, Florida, at all times material to this Petition.

3. Petitioner is the owner of record of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818 (the "Vessel"), and Petitioner owned the Vessel at all times material to this petition.

4. At all times material to this Petition, Petitioner stored the Vessel in Miami-Dade County, Florida at River Cove Marina, 2000 NW North River Drive, Miami, Florida 33125.

5. Petitioner used the Vessel exclusively for recreational purposes.

- 2 -

6. On September 26, 2023, Petitioner and two other adult passengers, Michael Garcia and Orlando Reyes (collectively "the Group"), boarded the Vessel at River Cove Marina to conduct a "sea-trial" at the request of Reyes, a prospective purchaser of the Vessel.

7. The Group departed River Cove Marina in the Vessel and headed east in the Miami River until they reached the mouth of the Miami River, after which they traveled south along the coast under Rickenbacker Causeway and into Biscayne Bay.

8. The Group traveled on the Vessel south to Blackpoint Marina.

9. The Group then departed Blackpoint Marina on the Vessel and headed north in Biscayne Bay.

10. At approximately 2:00 p.m., while heading north in Biscayne Bay, the Vessel abruptly turned hard to starboard, causing the Group to be ejected into the water (the "Incident").

11. The operator of another vessel that was traveling through the area saw the Incident and immediately called for assistance.

12. Petitioner, Reyes and Garcia, were eventually recovered from the water and transported to a local hospital by Miami-Dade Fire Rescue.

13. Unfortunately Michael Garcia died as a result of the Incident.

14. Petitioner and Orlando Reyes survived the Incident.

15. At the time of the Incident, Michael Garcia was at the helm of Vessel.

16. The Vessel sustained severe damage as a result of the Incident, was partially submerged, was not operable, and had to be towed back to land. The Vessel was not lost or abandoned.

17. On October 11, 2023, attorney John H. Ruiz sent a letter to the insurer of Petitioner's Vessel giving formal notice that his office had been retained to represent Anneliesse

O'Conor as Curator for the Estate of Michael Garcia, deceased, and mother and natural guardian of decedent's minor children, Orlando M. Garcia and Alejandro R. Garcia (collectively, "Plaintiffs"), related to the Incident.

18. On October 18, 2023, Plaintiffs filed a lawsuit relating to the Incident in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, identified by Case No. 2023-024985-CA-22 (the "Wrongful Death Action").

19. In the Wrongful Death Action, Plaintiffs initially only sought to recover damages against the manufacturer of the Vessel, Contender Boats, Inc., and the manufacturer of the Vessel's outboard engines, Brunswick Corporation d/b/a Mercury Marine, arising from Michael Garcia's personal injuries and wrongful death due to the Incident.

20. On February 13, 2024, Plaintiffs filed an Amended Complaint in the Wrongful Death Action identifying Kyla Martinez as an additional survivor of the decedent, Michael Garcia, and also adding Petitioner as a named defendant. [*See* Am. Compl., Wrongful Death Action, attached as Exhibit 1].

21. On information and belief, Plaintiffs and Kyla Martinez are all residents and citizens of Miami-Dade County, Florida. [*See* Ex. 1 at ¶¶ 4-11].

22. On December 14, 2023, Petitioner's insurer, Harco National Insurance Company ("Harco"), filed a separate lawsuit and Complaint for Declaratory Relief relating to the Incident in the United States District Court, Southern District of Florida, identified by Case No. 23-cv-24743-KMW (the "Declaratory Relief Action").

23. In the Declaratory Relief Action, Harco seeks a declaration that the subject insurance policy on the Vessel was "rendered null and void" due to certain alleged breaches of the policy by Petitioner and that, therefore, Harco "owes no coverage of any kind for any loss or

damage to the Vessel or for any other claims by the insured or third-parties" relating to the Incident. [*See* Compl., Declaratory Relief Action, attached as Exhibit 2, at ¶ 2].

24. Petitioner, Plaintiffs, and Orlando Reyes are all named defendants in the Declaratory Relief Action. [*Id.* at ¶¶ 7-10].

25. The fair market value of the Vessel and her wreckage following the Incident is $3,000.00. [*See* Affidavit of Value, attached as Exhibit 3].

26. The Vessel and her wreckage are in Petitioner's possession and are presently being stored on a trailer at Petitioner's place of residence.

27. The Vessel was located within this District at all relevant times during the subject voyage, sea-trial, and Incident. Accordingly, venue is proper pursuant to Supplemental Rule F.

28. Petitioner seeks exoneration from liability for the Incident pursuant to Supplemental Rule F(2) and, in the alternative, Petitioner seeks to claim and invoke the rights, privileges, remedies and procedures of the Limitation of Liability Act, Title 46, U.S. Code § 30501 *et seq*.

29. At all times material prior to the Incident, Petitioner exercised due diligence to maintain the Vessel in seaworthy condition and to properly maintain, equip, outfit and supply the Vessel with suitable machinery, appliances, and other appropriate and necessary equipment, all in good condition and suitable for its intended operation.

30. Plaintiffs and Kyla Martinez, on behalf of decedent, Michael Garcia, Orlando Reyes, Contender Boats, Inc., Brunswick Corporation d/b/a Mercury Marine, and Harco (collectively, the "Claimants") are the only known persons to have potentially sustained any loss, damage, or injury as a result of the Incident.

- 5 -

31. Claimants' alleged losses, damages, or injuries were not caused or contributed to by any unseaworthy condition of the Vessel or by any fault, neglect, or lack of care by Petitioner or any others for whom Petitioner was or is responsible.

32. Petitioner denies that he, the Vessel, its appurtenances, or any person or property for whom he may be responsible is liable to any extent and Petitioner claims exoneration from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason relating to the Incident.

33. In the alternative, and without admitting liability, Petitioner avers that in the event Petitioner or the Vessel and its appurtenances should be held responsible to any party by reason of the matters aforesaid, Petitioner claims the benefit of the limitation of liability as provided for in 46 U.S.C. § 30501 *et seq.* and all law supplementary thereto and amendatory thereof.

34. All losses, damages, injuries and destruction resulting from the aforesaid Incident were done, occasioned, and incurred without fault on the part of Petitioner and without Petitioner's privity or knowledge.

35. Further, Petitioner pleads the contributory negligence or assumption of risk of each of the Claimants, which negligence or assumption of risk is pleaded as a bar to or mitigation of the Claimants' rights to recover against Petitioner in relation to the Incident.

36. This Petition is timely filed within six months of Petitioner's receipt of Mr. Ruiz's October 11, 2023 letter of representation, which was the initial written notice to Petitioner of a potential claim for damage, loss, or injury exceeding the value of the Vessel as a result of the Incident. No other person or entity, other than those identified above, has made any claim against Petitioner relating to the Incident or provided written notice of any other such claim.

WHEREFORE, Petitioner, LUIS CAMEJO PEREZ, who at all material times was and is the Vessel's owner of record, respectfully requests that this Court:

(a) enter the proposed Order attached as Exhibit 5 to this Petition providing the following relief:

(1) approving the Ad Interim Stipulation of Value attached as Exhibit 4 to this Petition and calling for payment into the Court's registry in the form of a surety bond securing Petitioner's interest in the Vessel and its appurtenances immediately after the incident as set forth in the Affidavit of Value attached as Exhibit 3, or such other amount which may be lawfully ordered by the Court, with interest as provided by law from the date of said stipulation;

(2) directing the Clerk to issue a Notice, attached as Exhibit 6, to all persons, firms, and corporations claiming damage for any and all losses, damages, destructions, deaths, or injuries resulting from the Incident, requiring each of them to file any such claim with the Clerk of this Court and serve copies of said claim on counsel of record for Petitioner on or before the date fixed by this Court in the notice, or else be forever barred or permanently enjoined from making or filing any such claims, and to make due proof of their respective claims before this Court; and

(3) staying prosecution of all suits, claims, and proceedings against Petitioner arising from or related to the Incident, including the Wrongful Death Action and the Declaratory Relief Action, and from this time forward restraining commencement of any new or additional suit, action, or legal proceeding of any

nature or description whatsoever against Petitioner or the Vessel or its appurtenances with respect to any claim arising from or related to the Incident;

(b) enter a judgment finding that Petitioner and the Vessel and its appurtenances are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising from the Incident and, accordingly, exonerating Petitioner from any and all liability which has been or may be claimed against it as a result of the Incident or, in the alternative, if any such liability is found to exist, limiting Petitioner's liability to the amount of the value of Petitioner's interest in the Vessel, its appurtenances, and pending freight immediately after the Incident and directing that the money or security paid into the Court's registry be divided *pro rata* among such claimants as may duly prove their claims before this Court, saving to all parties any priorities that they may be legally entitled to, and that judgment be entered discharging Petitioner, the Vessel, and its appurtenances of and from all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Petitioner or its property in consequence of or in connection with the Incident or any other matters and happenings referred to in this Petition; and

[CONTINUED BELOW]

(c) provide Petitioner any further relief deemed equitable and just under the circumstances.

Respectfully submitted,

*/s/ Victor J. Pelaez*
J. Michael Pennekamp
Fla. Bar No. 983454
jmp@fowler-white.com

Victor J. Pelaez
Fla. Bar No. 78359
vpelaez@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Petitioner*