UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20923-AHS

In the Matter of LUIS CAMEJO PEREZ,
as Owner of the 2018 Contender Boats
39-foot Center Console Vessel bearing
 Hull Identification No. JDJ9V148B818,
          Petitioner

_____,

**CLAIM AND ANSWER TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Claimant, ORLANDO REYES, (hereinafter "Reyes" or "Claimant") in his own right and files the following Claim and Answer to the Petition for Exoneration From or Limitation of Liability filed by LUIS CAMEJO PEREZ ("Petitioner"), and in regards hereto respectfully states as follows:

**DEFENSES**

**FIRST DEFENSE**

The allegations of the Petition for Exoneration From or Limitation of Liability fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818, (hereinafter "Vessel") was operated in a willful, wanton, and reckless manner and/or, in the alternative, the negligent conduct and actions which resulted in the collision on September 26, 2023 took place within the privity and knowledge of the owner.

**THIRD DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all times pertinent herein, the Vessel was known by the owner to be unseaworthy and said

condition or conditions of unseaworthiness existed at or before the commencement of the casualty voyage.

## FOURTH DEFENSE

The Petition for Exoneration From or Limitation of Liability should be denied because Petitioner had privity and knowledge of the unsafe and negligent actions of the persons involved in operating the Vessel, and the unsafe and unseaworthy condition of the Vessel, all of which caused or resulted in the incident which occurred on September 26, 2023.

## FIFTH DEFENSE

The limitation fund is inadequate, and the Petition should be dismissed because Petitioner has failed to deposit adequate security for the vessel identified in the Petition for Exoneration from or Limitation of Liability.

## SIXTH DEFENSE

To the extent that Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## SEVENTH DEFENSE

Claimant reserve the right to contest Petitioner's affidavit of value and adequacy of security posted.

## EIGHTH DEFENSE

The Petition for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Fed. R. Civ. Proc. 12(e) and Claimant seek a more definite statement of said allegations.

## NINTH DEFENSE

The events culminating in the injuries to Reyes, were not a result of any negligence, fault, or want of due care on the part of Reyes.

## TENTH DEFENSE

Claimant further allege that there was insurance coverage on the Vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's Claims, and the proceeds of said insurance policy should be included in this limitation proceeding, if and only in the event the Court determines these limitation proceedings are appropriate, which Claimant denies.

## ELEVENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or personal interests of Petitioner as a result of the fault or alleged fault of said party, must be included in the limitation fund.

## TWELFTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court or any other court of proper jurisdiction for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all other state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer herein.

## ANSWER

**And now**, with full reservation of all defenses hereinabove asserted, Claimant, ORLANDO REYES, answers the allegations of the Petition for Exoneration From or Limitation of Liability filed by LUISA CAMEJO PEREZ.

1. Admit.
2. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 2 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

3. Admit.

4. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 4 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

5. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 5 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

6. The allegation that Petitioner and two other adult passengers, boarded the Vessel at River Cove Marina is admitted but the remaining allegations are denied.

7. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 7 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

8. Admit.

9. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 9 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

10. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 10 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

11. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 11 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

12. Admit.

13. Admit.

14. Admit.

15. The allegations contained in paragraph 15 of the Petition are for lack of sufficient information to justify a reasonable belief therein.

16. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 16 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

17. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 17 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
18. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 18 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
19. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 19 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
20. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 20 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
21. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 21 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
22. Admit.
23. Admit.
24. Admit.
25. Denied.
26. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 26 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
27. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 27 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
28. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 28 of the Petition are denied for lack of sufficient information to justify a reasonable belief.
29. Denied.
30. Admit.
31. Denied.

32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Reyes does not have sufficient knowledge to admit or deny and as such, allegations contained in paragraph 36 of the Petition are denied for lack of sufficient information to justify a reasonable belief.

The prayer contained in the conclusory paragraphs of the Petition do not require a response, but insofar as a response is required, all such allegations are denied, and Claimant expressly opposes the prayer for relief requested.

## CLAIM

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, Claimant's rights to pursue his claims in state court pursuant to the Savings to Suitors Clause, 28 USC §1333, and all other available state law remedies, Claimant, ORLANDO REYES, in his own right files this Claim in the Petition for Exoneration From or Limitation of Liability, and respectfully represents as follows:

1. These claims are brought pursuant to the Constitution and the laws of the United States of America and the State of Florida under the General Admiralty and Maritime Law.
2. Claimant, ORLANDO REYES, (hereinafter "Claimant" or "Reyes") is of full age of majority, domiciled in the State of Florida.
3. The Defendant in Limitation named herein is: LUIS CAMEJO PEREZ.
4. Upon information and belief, at the time of the events in question, LUIS CAMEJO PEREZ was the owner of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818, (hereinafter Vessel).
5. Defendant in Limitation herein is truly and justly indebted to Claimant herein, in his own right, for any and all damages sustained as a result of an incident that occurred on or about September 26, 2023.

6. On or about September 26, 2023, while out at sea, upon information and belief, the Vessel shut off, veered sharply to the left, causing Claimant and Michael Garcia to be ejected out of the Vessel resulting in the unfortunate death of Michael Garcia and serious physical injury to Claimant.

7. Claimant alleges that a legal cause of the aforementioned incident was the negligence and fault of LUIS CAMEJO PEREZ, and that said acts of negligence arose out of his actions as vessel owner.

8. Defendant, LUIS CAMEJO breached his duty of care and was negligent in one or more of the following ways:

    a. Failing to warn or inform of known defects, problems and malfunctions;

    b. Failing to properly maintain the Vessel;

    c. Failing to maintain the Vessel in accordance with the manufacturer's instructions;

    d. Failing to advise of inherent dangers;

    e. Failing to take precautions to prevent injury to Claimant;

    f. Failing to use due care in the operation of the subject Vessel;

    g. Failing to adequately train/supervise operators;

    h. Causing the vessel to be operated in a dangerous and unsafe manner; and/or

    i. Causing the vessel to be operated at a speed which was beyond that which was reasonable under the circumstances.

9. Claimant was not negligent in any way and did not contribute to the incident complained of herein.

10. Claimant further specifically pleads the doctrine of res ipsa loquitur in that the incident and the resulting injuries, death and damages would not have occurred in the absence of the negligence of LUIS CAMEJO PEREZ.

11. As a result of the incident described herein, Claimant has incurred and will continue to incur the following serious injuries and damages, which are permanent or continuing in nature:

    a. Past and future mental distress, which has manifested itself in physical injuries, including headaches, nausea, sleeplessness, debilitating phobias, psychic trauma, flashbacks and ongoing nightmares;

    b. Permanent bodily injury;

    c. Past and future permanent pain and suffering;

    d. Disability and disfigurement;

    e. Loss of capacity for the enjoyment of life;

    f. Past and future medical and other health care related expenses;

    g. Hospital expenses;

    h. Rehabilitation expenses;

    i. Past lost wages; and

    j. Loss of future earning capacity.

    k. All other general and equitable relief.

    l. Any and all other damages which may be proven at the trial of this matter of discovered prior thereto.

12. This Limitation Claim is being made under protest and without prejudice to Limitation Claimant's position that this limitation action is improper and should be dismissed.

13. Claimant further alleges that LUIS CAMEJO PEREZ had liability insurance covering this occurrence and that this Court's order enjoining suit should be modified to permit Claimant to file formal claims against the appropriate underwriters.

14. Claimant's damages will exceed the limitation fund.

**WHEREFORE**, Limitation Claimant, ORLANDO REYES, prays:

a. That this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of Claimant and against Limitation Petitioner dismissing his Petition for Exoneration From or Limitation of Liability;
b. That, in the alternative, this Court should appoint an independent commissioner to appraise the vessel, and Limitation Petitioner be required to deposit additional security in the minimum amount required by law; in default of which its Petition should be dismissed; and pending such deposit, any injunction and/or restraining order should be dissolved;
c. For all further relief as the Court may deem just and proper in the premises.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing was served on all parties via CM/ECF and individually as below on July 31, 2024.

Clerk for the United States District Court for
the Southern District of Florida Fort Lauderdale Division,
U.S. Federal Building and Courthouse,
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

Counsel of record for Petitioner
Victor J. Pelaez, Esq.
Fowler White Burnett, PA
1395 Brickell Ave. 14th Floor
Miami, Florida 33131

Respectfully submitted,
_____/S/_____
Yesenia Collazo, Esq.
FBN 489311
Collazo Law Firm, P.A.
10200 NW 25th St. Ste 201
Miami, Fl. 33172
Phone Number: 305-477-6401
collazo@collazolawfirm.com