UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 2024-cv-20923-AHS

IN ADMIRALTY

In the Matter of:

LUIS CAMEJO PEREZ, as Owner of the 2018
Contender Boats 39-foot Center Console Vessel
bearing Hull Identification No. JDJ9V148B818,

    Petitioner.

_____/

**RESPONDENT'S, ANNELIESSE O'CONOR, AS CURATOR OF THE ESTATE OF MICHAEL GARCIA, *DECEASED*, ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONER'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

    **COMES NOW** the Respondent, Anneliesse O'Conor, as Curator of the Estate of Michael Garcia, *Deceased* (the "Respondent"), by and through undersigned counsel, files her Answer and Affirmative Defenses to the Petitioner's, Luis Camejo Perez ("Petitioner"), Complaint for Exoneration from or Limitation of Liability [D.E. 1]. In support thereof, Respondent states:

**ANSWER**

    1.    This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, 46 U.S.C. §§ 30501, Rule 9(h), and Supplemental Rule F.

**ANSWER:** Admitted that Petitioner purports to make a maritime claim within the meaning of Supplemental Rule 9(h), and Supplemental Rule F.

    2.    Petitioner is over age 18, is a permanent resident of Broward County, Florida, and resided in Broward County, Florida, at all times material to this Petition.

**ANSWER:** Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.

3. Petitioner is the owner of record of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818 (the "Vessel"), and Petitioner owned the Vessel at all times material to this petition.

**ANSWER:** **Admitted.**

4. At all times material to this Petition, Petitioner stored the Vessel in Miami-Dade County, Florida at River Cove Marina, 2000 NW North River Drive, Miami, Florida 33125.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

5. Petitioner used the Vessel exclusively for recreational purposes.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

6. On September 26, 2023, Petitioner and two other adult passengers, Michael Garcia and Orlando Reyes (collectively "the Group"), boarded the Vessel at River Cove Marina to conduct a "sea-trial" at the request of Reyes, a prospective purchaser of the Vessel.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

7. The Group departed River Cove Marina in the Vessel and headed east in the Miami River until they reached the mouth of the Miami River, after which they traveled south along the coast under Rickenbacker Causeway and into Biscayne Bay.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

8. The Group traveled on the Vessel south to Blackpoint Marina.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

9. The Group then departed Blackpoint Marina on the Vessel and headed north in Biscayne Bay.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

10. At approximately 2:00 p.m., while heading north in Biscayne Bay, the Vessel abruptly turned hard to starboard, causing the Group to be ejected into the water (the "Incident").

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

11. The operator of another vessel that was traveling through the area saw the Incident and immediately called for assistance.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

12. Petitioner, Reyes and Garcia, were eventually recovered from the water and transported to a local hospital by Miami-Dade Fire Rescue.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

13. Unfortunately Michael Garcia died as a result of the Incident.

**ANSWER:** **Admitted.**

14. Petitioner and Orlando Reyes survived the Incident.

**ANSWER:** **Admitted.**

15. At the time of the Incident, Michael Garcia was at the helm of Vessel.

**ANSWER:** **Admitted.**

16. The Vessel sustained severe damage as a result of the Incident, was partially submerged, was not operable, and had to be towed back to land. The Vessel was not lost or abandoned.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

17. On October 11, 2023, attorney John H. Ruiz sent a letter to the insurer of Petitioner's Vessel giving formal notice that his office had been retained to represent Anneliesse O'Conor as Curator for the Estate of Michael Garcia, deceased, and mother and natural guardian of decedent's minor children, Orlando M. Garcia and Alejandro R. Garcia (collectively, "Plaintiffs"), related to the Incident.

**ANSWER:** **Admitted.**

18. On October 18, 2023, Plaintiffs filed a lawsuit relating to the Incident in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, identified by Case No. 2023-024985-CA-22 (the "Wrongful Death Action").

**ANSWER:** Admitted.

19. In the Wrongful Death Action, Plaintiffs initially only sought to recover damages against the manufacturer of the Vessel, Contender Boats, Inc., and the manufacturer of the Vessel's outboard engines, Brunswick Corporation d/b/a Mercury Marine, arising from Michael Garcia's personal injuries and wrongful death due to the Incident.

**ANSWER:** Admitted.

20. On February 13, 2024, Plaintiffs filed an Amended Complaint in the Wrongful Death Action identifying Kyla Martinez as an additional survivor of the decedent, Michael Garcia, and also adding Petitioner as a named defendant. [*See* Am. Compl., Wrongful Death Action, attached as Exhibit 1].

**ANSWER:** Admitted.

21. On information and belief, Plaintiffs and Kyla Martinez are all residents and citizens of Miami-Dade County, Florida. [*See* Ex. 1 at ¶¶ 4-11].

**ANSWER:** Admitted as to Anneliesse O'Conor, Orlando Miguel Garcia, and Alejandro Rey Garcia. Denied as to Kyla Martinez as, upon information and belief, she resides in North Carolina.

22. On December 14, 2023, Petitioner's insurer, Harco National Insurance Company ("Harco"), filed a separate lawsuit and Complaint for Declaratory Relief relating to the Incident in the United States District Court, Southern District of Florida, identified by Case No. 23-cv-24743-KMW (the "Declaratory Relief Action").

**ANSWER:** Admitted.

23. In the Declaratory Relief Action, Harco seeks a declaration that the subject insurance policy on the Vessel was "rendered null and void" due to certain alleged breaches of the policy by Petitioner and that, therefore, Harco "owes no coverage of any kind for any loss or damage to the Vessel or for any other claims by the insured or third-parties" relating to the Incident. [*See* Compl., Declaratory Relief Action, attached as Exhibit 2, at ¶ 2].

**ANSWER:** Admitted.

24. Petitioner, Plaintiffs, and Orlando Reyes are all named defendants in the Declaratory Relief Action. [*Id.* at ¶¶ 7-10].

**ANSWER:** Admitted.
25. The fair market value of the Vessel and her wreckage following the Incident is $3,000.00. [*See* Affidavit of Value, attached as Exhibit 3].

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

26. The Vessel and her wreckage are in Petitioner's possession and are presently being stored on a trailer at Petitioner's place of residence.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

27. The Vessel was located within this District at all relevant times during the subject voyage, sea-trial, and Incident. Accordingly, venue is proper pursuant to Supplemental Rule F.

**ANSWER:** **Admitted that this venue is proper in this Court pursuant to Supplemental Rule F(9), assuming the Court has jurisdiction to hear this matter, otherwise denied.**

28. Petitioner seeks exoneration from liability for the Incident pursuant to Supplemental Rule F(2) and, in the alternative, Petitioner seeks to claim and invoke the rights, privileges, remedies and procedures of the Limitation of Liability Act, Title 46, U.S. Code § 30501 *et seq*.

**ANSWER:** **Admitted that Petitioner has filed a claim for exoneration from or limitation of liability, otherwise denied.**

29. At all times material prior to the Incident, Petitioner exercised due diligence to maintain the Vessel in seaworthy condition and to properly maintain, equip, outfit and supply the Vessel with suitable machinery, appliances, and other appropriate and necessary equipment, all in good condition and suitable for its intended operation.

**ANSWER:** **Denied.**

30. Plaintiffs and Kyla Martinez, on behalf of decedent, Michael Garcia, Orlando Reyes, Contender Boats, Inc., Brunswick Corporation d/b/a Mercury Marine, and Harco (collectively, the "Claimants") are the only known persons to have potentially sustained any loss, damage, or injury as a result of the Incident.

**ANSWER:** **Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

31. Claimants' alleged losses, damages, or injuries were not caused or contributed to by any unseaworthy condition of the Vessel or by any fault, neglect, or lack of care by Petitioner or any others for whom Petitioner was or is responsible.

**ANSWER:** **Denied.**

32. Petitioner denies that he, the Vessel, its appurtenances, or any person or property for whom he may be responsible is liable to any extent and Petitioner claims exoneration from

5

liability for all claims, damages, and destruction done, occasioned, or incurred by any reason relating to the Incident.

**ANSWER:     Denied.**

33.     In the alternative, and without admitting liability, Petitioner avers that in the event Petitioner or the Vessel and its appurtenances should be held responsible to any party by reason of the matters aforesaid, Petitioner claims the benefit of the limitation of liability as provided for in 46 U.S.C. § 30501 *et seq.* and all law supplementary thereto and amendatory thereof.

**ANSWER:     Denied.**

34.     All losses, damages, injuries and destruction resulting from the aforesaid Incident were done, occasioned, and incurred without fault on the part of Petitioner and without Petitioner's privity or knowledge.

**ANSWER:     Denied.**

35.     Further, Petitioner pleads the contributory negligence or assumption of risk of each of the Claimants, which negligence or assumption of risk is pleaded as a bar to or mitigation of the Claimants' rights to recover against Petitioner in relation to the Incident.

**ANSWER:     Denied.**

36.     This Petition is timely filed within six months of Petitioner's receipt of Mr. Ruiz's October 11, 2023, letter of representation, which was the initial written notice to Petitioner of a potential claim for damage, loss, or injury exceeding the value of the Vessel as a result of the Incident. No other person or entity, other than those identified above, has made any claim against Petitioner relating to the Incident or provided written notice of any other such claim.

**ANSWER:     Respondent is without specific knowledge, therefore, this paragraph is DENIED, and strict proof thereof is demanded.**

**AFFIRMATIVE DEFENSES**

1.   **First Affirmative Defense**: The Complaint for Exoneration From or Limitation of Liability fails to state a claim upon which relief may be granted.

2.   **Second Affirmative Defense**. Respondent contests Petitioner's claim to exoneration from and/or limitation of liability, on the grounds that, inter alia, Petitioner, and/or his agents were themselves negligent and furthermore, had privity and knowledge of the events and conditions which caused Respondent's injuries. As such, 46 U.S.C. §30501, et seq. is inapplicable to the vessel in contention, that the intent and equitable interpretation of the same precludes Petitioner from assuming the protections and limitations of the Act.

3.   **Third Affirmative Defense**. The incident described in Petitioner's Complaint occurred with the privity and knowledge of the owner, its agents, officers, managing directors, mechanics, among others, because the Petitioner and said persons knew, among other things, that the vessel was not seaworthy. Said persons failed to inform Mr. Garcia that the vessel was not seaworthy and would occasionally malfunction and, instead, allowed Mr. Garcia to be a passenger in the vessel, and drive the vessel on the date of the accident. Further, Petitioner committed the **following negligent acts**:

   a. not properly equipping the Vessel for its intended purpose and having defective, dangerous, inadequate, faulty equipment, failing to have functioning trim tabs, and/or failing to have a functioning navigation system, failing to have a functioning control panel system;

   b. The Vessel was not fit nor seaworthy for its intended purpose;

   c. The Vessel had been improperly repowered;

   d. failing to warn Respondent/Claimant of foreseeable dangerous conditions on the Vessel prior to inception of the voyage, and failing to warn Respondent/Claimant of foreseeable dangerous conditions on the Vessel at any point during the voyage;

   e. The Vessel was not properly maintained and/or inadequately maintained;

   f. failing to obey recall warnings for products and/or instruments aboard the Vessel;

   g. failing to correct known electrical problems in the Vessel including, but not limited to, breaker tripping and overloads, shore power connections, electrical use and/or power surges; the Vessel veering right or left by itself; the Vessel turning off by itself; and the GPS screen/system would turn off by itself;

   h. failing to have an adequate functioning electrical system;

   i. failing to have an adequate functioning GPS screen/system;

j.  failing to have adequate functioning trim tabs;

k.  failing to warn Mr. Garcia of any danger associated with the Vessel malfunctioning;

l.  allowing the sea trial to continue despite knowing that the Vessel was in an unseaworthy state; specifically, not having functioning trim tabs;

m.  failing to advise of inherent dangers;

n.  failing to take precautions to prevent injury to Mr. Garcia;

o.  failing to maintain the Vessel in accordance with the manufacturer's instructions; and

p.  allowing the Vessel to remain in an unseaworthy state.

4.  **Fourth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because, at all times material, Petitioner was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the at issue vessel, which caused or contributed to Mr. Garcia's death.

5.  **Fifth Affirmative Defense**. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondent, in filing this Answer and Claim, reserves all rights to pursue all available claims in the forum of its choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of the rights and defenses, and Respondent does not, through this filing, agree to join all issues in this proceeding. To wit, Petitioner has already been sued as it relates to his negligence in the matter of *Anneliesse O'Conor, as Curator of the Estate of and Survivors of Michael Garcia, Deceased v. Contender Boats, Inc., et. al*., Case No. 2023-024985-CA22, which is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

6.  **Sixth Affirmative Defense**. The limitation fund is inadequate, and the Complaint should be dismissed because Petitioner has failed to deposit adequate security equal to the value of the Vessel. Therefore, the limitation fund is inadequate.

7.  **Seventh Affirmative Defense**. Respondent avers that all insurance amounts providing coverage to Petitioner for the events and occurrences of the incident at issue, must be included in the limitation fund in the event that the Petitioner prevails in this limitation of liability proceeding, which Respondent denies is appropriate for all the reasons stated herein.

8.  **Eighth Affirmative Defense**. The Limitation of Liability Act 46 U.S.C. §30501, et. seq. is unconstitutional and discriminatory in that it favors vessel owners over respondents and deprives Respondent of property rights without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

9. **Ninth Affirmative Defense**. Respondent reserves the right to contest the appraisal value of the vessel / affidavit of value, its appurtenances, and the adequacy of the security therefor.

10. **Tenth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because the *failure of equipment,* and any and all resulting loss, damage and/or injury was done or occasioned and incurred with the privity of knowledge of Petitioner and/or his agents and/or servants and/or apparent agents and/or mechanics. At all times material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection to deem the Vessel as unseaworthy.

11. **Eleventh Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because Petitioner and/or his agents and/or servants and/or mechanics and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of *any and all negligent conditions and/or defects of the at issue vessel* which may have caused or contributed to Mr. Garcia's death. At all times material, Petitioner could have and should have obtained the necessary information by reasonable inquiry or inspection.

12. **Twelfth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because *Petitioner's negligence* and/or the negligence of its employees and/or agents, were the proximate cause of Mr. Garcia's injuries and death.

13. **Thirteenth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or want of due care by Petitioner and/or his agents, employees, servants, mechanics, and/or apparent agents.

14. **Fourteenth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because the vessel was unseaworthy, unsafe, and unfit for the intended use, causing the incident in question.

15. **Fifteenth Affirmative Defense**. Petitioner is jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability.

16. **Sixteenth Affirmative Defense**. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party.

17. **Seventeenth Affirmative Defense**. To the extent that the Petitioner, now or in the future, asserts a third-party action or otherwise seeks indemnity or contribution from any person or entity, Petitioner's cause of action and any ultimate recovery inures to the benefit of Respondent and is to be added to the Limitation Fund.

18. **Eighteenth Affirmative Defense**. The Limitation of Liability Act is unavailable to Petitioner's insurer(s).

19. **Nineteenth Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because it failed to exercise a high degree of control and supervision so as to avoid the incident in question.

20. **Twentieth Affirmative Defense.** Petitioner is not entitled to exoneration or limitation of liability because the vessel is an inherently defective, unsafe vessel, which caused the incident in question.

21. **Twenty-First Affirmative Defense**. Petitioner is not entitled to exoneration or limitation of liability because the vessel is an inherently defective, unsafe vessel, causing the incident in question.

22. **Twenty-Second Affirmative Defense.** The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the Vessel was operated in a willful, wanton, and reckless manner and/or, in the alternative, the negligent conduct and actions which resulted in the collision on September 26, 2023 took place within the privity and knowledge of the owner.

23. **Twenty-Third Affirmative Defense**.  The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Fed. R. Civ. Proc. 12(e) and Claimant seek a more definite statement of said allegations.

24. **Twenty-Fourth Affirmative Defense.**  The events culminating in the injuries to Mr. Garcia, were not a result of any negligence, fault, or want of due care on the part of Mr. Garcia.

**WHEREFORE**, Respondent, Anneliesse O'Conor, as Curator of the Estate of Michael Garcia, *Deceased*, respectfully requests that this Court enter an Order denying Petitioner's Petition for Exoneration from or Limitation of Liability, and award to Respondent any and all damages, allowed by law or equity that this Court deems reasonable, including any and all attorneys' fees and costs associated with this action.

|  |  |
|---|---|
| Dated: August 1, 2024 | Respectfully submitted, |

**MSP RECOVERY LAW FIRM**
3150 SW 38th Ave., 11th Floor
Miami, FL 33146
Telephone: (305) 614-2222

*By: /s/ John H. Ruiz, Esq.*
John H. Ruiz, Esq.
Fla. Bar No. 928150
Christine M. Lugo, Esq.
Fla. Bar No. 109515
clugo@msprecoverylawfirm.com
jruiz@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of August 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

**Victor J. Pelaez, Esq.**
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
vpelaez @fowler-white.com
*Attorneys for Petitioner*

                                                                 *By: /s/ John H. Ruiz, Esq.*
                                                                     John H. Ruiz, Esq.