**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 2024-cv-20923-AHS

**IN ADMIRALTY**

In the Matter of:

LUIS CAMEJO PEREZ, as Owner of the 2018
Contender Boats 39-foot Center Console Vessel
bearing Hull Identification No. JDJ9V148B818,

    Petitioner.

_____/

**RESPONDENT'S RULE F(5) CLAIM PERTAINING TO
PETITIONER'S COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY[1]**

COMES NOW the Respondent, Anneliesse O'Conor, as Curator of the Estate of Michael Garcia, *Deceased* (the "Respondent"), by and through undersigned counsel and pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure, files her Rule F(5) Claim Pertaining to the Petitioner's, Luis Camejo Perez (the "Petitioner"), Complaint for Exoneration From or Limitation of Liability [D.E. 1] under said Rules. In support thereof, Respondent states:

1. Respondent, Anneliesse O'Conor, as Curator of the Estate of Michael Garcia, hereby makes its claim for damages against the Petitioner, Luis Camejo Perez, as Owner of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818 (the "Vessel"), pursuant to the Supplemental Rule F(5) of the Federal Rules of Civil Procedure.

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] In addition to this Claim, Respondent filed her Answer and Affirmative Defenses to the Complaint for Exoneration From or Limitation of Liability. [D.E. 22].

3. Alternatively, this Court has admiralty and maritime claims within the jurisdiction of this Court, as provided under 28 U.S.C. § 1333 and Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The Respondent has been damaged in a sum far in excess of the minimum jurisdictional amount of this Honorable Court.

5. Thereby, this Claim seeks damages arising from the wrongful death of Michael Garcia (hereinafter, "Mr. Garcia"), who passed away on September 26, 2023, while being a passenger in and operating Petitioner's Vessel approximately 2 miles north northeast of Black Point channel (the "Incident").

6. On or about September 26, 2023, the Petitioner had a duty to its passengers and guests, including the deceased, Michael Garcia and, thereby, to the Estate of Michael Garcia, to maintain his Vessel in a reasonably safe manner under the circumstances and in good repair, seaworthy, staunch, and fit for its intended purposes, and free from any conditions that would present a hazard or risk of injury which Petitioner knew or should have known existed in the exercise of reasonable care.

7. Petitioner also had a duty to its passengers and guests, and to the deceased, Mr. Garcia and, thereby, to the Estate of Michael Garcia, to warn of dangerous conditions about which Petitioner, its officers, employees, agents, contractors, designees, assignees, mechanics, etc., knew, or should have known in the exercise of reasonable caution.

8. Claimant respectfully reserves the right to supplement and amend its claim as further facts relating to the Incident become known.

9. Claimant has performed all conditions precedent to bringing this action or such requirements have been waived by the Petitioner.

10.    As such, Claimant seeks recovery against Petitioner for the damages sustained by the Respondent, which resulted in the death of Michael Garcia.

11.    In fact, Claimant has a pending action against the Petitioner in the matter of *Anneliesse O'Conor, as Curator of the Estate of and Survivors of Michael Garcia, Deceased v. Contender Boats, Inc., et. al.*, Case No. 2023-024985-CA22, which is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See Exhibit "A," Amended Complaint.*

## STATEMENT OF THE FACTS

12.    At all times material hereto, Ms. O'Conor was Mr. Garcia's girlfriend of 19 years, and is a resident of Miami-Dade County, Florida. Ms. O'Conor lived with Mr. Garcia for over 19 years.

13.    At all times material hereto, Ms. O'Conor is the mother and legal guardian of Mr. Garcia's two minor children and survivors (as defined pursuant to F.S. §768.18 (1) & (2)), Orlando Miguel Garcia and Alejandro Rey Garcia, who were born out of the relationship between Ms. O'Conor and Mr. Garcia.

14.    At all times material hereto, Orlando Miguel Garcia and Alejandro Rey Garcia, minor children and survivors are residents of Miami-Dade County, Florida.

15.    At all times material hereto, as of October 13, 2023, Anneliesse O'Conor, was appointed as the Curator of the Estate of Mr. Garcia and its Survivors in the matter of *In Re: Michael Garcia,* Case No. 2023-004686-CP-02.

16.    Additionally, Kyla Martinez, an adult, but deemed a minor child under the age of 25, as defined by Section 786.18 (2) of the Florida Statutes, is the daughter of Mr. Garcia, who was born out of a separate relationship that Mr. Garcia had in the past.

17. Upon information and belief, Kyla Martinez is a resident of North Carolina.

18. In accordance with Section 768.18(1) of the Florida Statutes, the survivors of Mr. Garcia's Estate include his children: (1) Orlando Miguel Garcia; (2) Alejandro Rey Garcia, and (3) Kyla Martinez.

19. At all times material hereto, Petitioner is the registered owner of the Vessel.

20. The Vessel is a 2018 Contender with an HIN: JDJ9V148B818, and Serial No. 9V148.

21. The Vessel was re-powered by the Petitioner with four (4) four hundred fifty (450) horsepower outboard engines that were manufactured by Mercury.

## MR. GARCIA'S UNFORTUNATE DEATH

**Pre-Accident**

22. On September 26, 2023, Mr. Garcia decided to help his friend, the Petitioner, sell his Vessel (commonly referred to as an "open fisherman vessel") to Orlando Reyes, who was interested in purchasing the Vessel.

23. The Vessel was manufactured by Contender and was powered by Mercury.

24. Before agreeing to pilot the Vessel at a sea trial, the Petitioner never informed Mr. Garcia that the Vessel would occasionally and sporadically malfunction, such as turn off unexpectedly or veer sharply to the left or to the right.

25. Upon information and belief, on September 26, 2023, Petitioner never informed Mr. Garcia that the Vessel would malfunction, as described above.

26. At all times material hereto, Mr. Garcia had full permission and authority to pilot the Vessel from the Petitioner.

27. On September 26, 2023, Mr. Garcia, Petitioner, and Mr. Reyes took the Vessel out on a sea trial near River Cove Marina.

28. Mr. Reyes was a potential buyer of the Vessel.

29. After leaving the Miami River and heading south, Mr. Garcia, Petitioner, and Mr. Reyes noticed that the Vessel's trim tabs were not operational. As such, the Petitioner arranged for his mechanic to meet them at Black Point Marina to inspect / diagnose the inoperative trim tabs. They then ran the Vessel south to Black Point Marina where Petitioner's mechanic manually raised the inoperative trim tabs because he could not fix the issue.

30. Afterwards, the three men departed the marina to continue the sea trial.

**Accident**

31. Once the Vessel cleared Black Point Channel, Mr. Garcia operated the Vessel in a northeasterly direction.

32. While piloting the Vessel in the waters of Biscayne Bay, Mr. Garcia lost control of the Vessel when it suddenly and without prior indication shut off and veered sharply to one side and caused all the occupants to be ejected out of the Vessel.

33. As per Petitioner's representation to Lt. Miranda and Inv. C. Yanez, both GPS screens turned off when Mr. Garcia was operating the Vessel, which caused Mr. Garcia to lose control of the Vessel.

34. Upon information and belief, Mr. Garcia, Petitioner, and Mr. Reyes were thrown into the waters of Biscayne Bay, as the Vessel's engines shut off and suddenly and violently turned hard starboard despite no inputs to the controls being made by Mr. Garcia, the decedent, or any other occupants in the Vessel. The engines and the electronics that control the Vessel are not supposed to do this.

35. As a result, all occupants on board the Vessel were ejected, including Mr. Garcia, who when violently and suddenly ejected from the Vessel, struck elements of the canopy structure contained within the Vessel, which caused him blunt force trauma while falling into the ocean and caused his death.

36. As a result of the Incident, Mr. Garcia sustained fatal injuries that left him unconscious and submerged.

37. As a result of the Incident, Mr. Garcia passed away.

38. As a result of the Incident, the Florida Fish and Wildlife Conservation Commission (the "FWCC") Division of Law Enforcement conducted an investigation. However, the investigation was inconclusive as the FWCC determined that "it [was] unclear and undetermined whether the cause of the accident was due to mechanical, electrical, or operator error or all the above."

39. As such, Claimant suffered extensive damages because of Petitioner's negligence and/or inactions, which resulted in Mr. Garcia's death.

40. At death, Mr. Garcia, who was unmarried, left the following survivors and/or beneficiaries under the Florida Wrongful Death Act: 1) Orlando Miguel Garcia; 2) Alejandro Rey Garcia; and 3) Kyla Martinez.

41. The damages to Claimant are ongoing.

## **COUNT I**
### (*Negligence and Wrongful Death*)

Claimant realleges, reaffirms, and incorporates by reference herein the above-mentioned paragraphs of fact, and further alleges that:

42. Petitioner, as the owner of the Vessel, and/or its agents, employees, and/or servants, had a duty to maintain, operate, secure, and manage the Vessel in a prudent way and to prevent foreseeable risk of harm to the Claimant and third-parties, including Mr. Garcia.

43. Without limitation to any of the foregoing, Petitioner committed the following negligent acts:

   a. failing to properly equip the Vessel for its intended purpose,
   b. having defective, dangerous, inadequate, faulty equipment, and/or missing equipment (to wit, failing to having functioning trim tabs, failing to have a functioning navigation system, and failing to have a functioning control panel system);
   c. failing to advise of inherent dangers;
   d. The Vessel was not fit nor seaworthy for its intended purpose;
   e. The Vessel had been improperly repowered;
   f. failing to warn Respondent/Claimant of foreseeable dangerous conditions on the Vessel prior to inception of the voyage, and failed to warn Respondent/Claimant of foreseeable dangerous conditions on the Vessel at any point during the voyage;
   g. not properly maintaining and/or inadequately maintaining the Vessel;
   h. failing to obey recall warnings for products aboard the Vessel;
   i. failing to correct known electrical problems including, but not limited to, breaker tripping and overloads, shore power connections, vessel electrical use and/or power surges; the Vessel veering right or left by itself; the Vessel turning off by itself; and the GPS screen/system would turn off by itself;
   j. failing to have an adequate functioning electrical system;

      k. failing to have an adequate functioning GPS screen/system;

      l. failing to have adequate functioning trim tabs;

      m. failing to warn Mr. Garcia of any danger associated with the Vessel malfunctioning;

      n. allowing the sea trial to continue despite knowing that the Vessel was in an unseaworthy state; specifically, not having functioning trim tabs; and

      o. allowing the Vessel to remain in an unseaworthy state;

44. On or about September 26, 2023, Petitioner breached his duties to Respondent/Claimant and to Mr. Garcia, deceased, by failing to use reasonable care under the given circumstances.

45. On or about September 26, 2023, Petitioner breached his duties to Respondent/Claimant, and to Mr. Garcia, deceased, by failing to use reasonable care under the circumstances in allowing its Vessel to be taken out to sea.

46. On or about September 26, 2023, Petitioner breached his duties to Respondent/Claimant, and to Mr. Garcia, deceased, by failing to use reasonable care under the circumstances in allowing the sea trial to continue despite being informed by his mechanic that he could not fix the trim tabs.

47. On or about September 26, 2023, Petitioner breached his duties to Respondent/Claimant, and to Mr. Garcia, deceased, by failing to warn Mr. Garcia of the Vessel's dangerous conditions about which Petitioner knew or should have known in the exercise of reasonable caution.

48. As a proximate result of Petitioner's failure to maintain and provide for the safe operation of his Vessel, Respondent/Claimant and Mr. Garcia, deceased, suffered fatal injuries when Mr. Garcia was ejected from the Vessel. Specifically, Mr. Garcia was left unconscious and

submerged, wherein he was transported by rescue units to the hospital and was later pronounced deceased.

49. The actions and/or inactions of Petitioner, his agents, mechanics, employees, and/or servants, and the condition of the Vessel, caused Mr. Garcia to lose control of the Vessel while operating the Vessel on September 26, 2023, in which Mr. Garcia was operating the Vessel for purposes of Petitioner selling the Vessel to Mr. Reyes.

50. As a direct result of Petitioner's negligence as indicated above, Mr. Garcia lost control of the Vessel which resulted in his death.

51. As a direct result and proximate cause of the Petitioner's negligence, the Curator and the Estate of Mr. Garcia and its survivors suffered damages including, but not limited to:

   a. the value of lost support and services from the date of Michael Garcia's death, with interest, and future loss of support and services from the date of death and reduced to present value. The amount of Michael Garcia's probable net income available for distribution to each particular survivor, and the replacement value of Michael Garcia's services to the survivor. In computing the duration of future losses, the joint life expectancies of the survivors and Michael Garcia and the period of minority of each survivor, in the case of the minor children, as defined by statute;

   b. The minor and surviving children, as defined by statute, of Michael Garcia for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of death;

   c. Loss of earnings of Michael Garcia from the date of death, less lost support of survivors excluding contributions in kind, with interest. Loss of the prospective net

       accumulations of the Estate of Michael Garcia, which might reasonably have been expected but for the wrongful death, reduced to present money value;

    d. Medical or funeral expenses due to Michael Garcia's death that have become a charge against his estate or that were paid by or on behalf of the estate; and

    e. all other damages the survivors are entitled to under the Florida Wrongful Death Act.

52. The Claimant demands a trial by jury.

53. The damages to Claimant are ongoing and subject to revision, as final attorneys' fees and costs become known.

54. As such, Petitioner's actions and inactions were within the privity and knowledge of Petitioner such that Petitioner is barred from exoneration from or limitation of liability, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 46 U.S.C. §§ 30501 et seq and is, therefore, liable in full to Claimant for his negligence.

55. Respondent, thereby, contests Petitioner's claim to exoneration from and/or limitation of liability, on the ground that, inter alia, Petitioner, his agents, mechanics, employees, and/or servants, were themselves negligent and furthermore had privity of knowledge of the defect(s) and unseaworthiness of the Vessel, which caused Mr. Garcia's death.

**WHEREFORE**, the Claimant, Anneliesse O'Conor, as Curator of the Estate of Michael Garcia, Deceased, respectfully requests that this Honorable Court dismiss Respondent's Complaint for exoneration and/or limitation of liability or deny both exoneration and limitation of liability, find that the claims of the Estate of Mr. Garcia be allowed with interest and costs, and award such further relief as the Court deems just and proper.

Dated: August 1, 2024               Respectfully submitted,

**MSP RECOVERY LAW FIRM**
3150 SW 38th Ave., 11th Floor
Miami, FL 33146
Telephone: (305) 614-2222

*By: /s/ John H. Ruiz, Esq.*
John H. Ruiz, Esq.
Fla. Bar No. 928150
Christine M. Lugo, Esq.
Fla. Bar No. 109515
clugo@msprecoverylawfirm.com
jruiz@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of August 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

**Victor J. Pelaez, Esq.**
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
vpelaez@fowler-white.com
*Attorneys for Petitioner*

                                        *By: /s/ John H. Ruiz, Esq.*
                                            John H. Ruiz, Esq.