UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

Case No.: 1:24-cv-20923-AHS

IN THE MATTER OF:

LUIS CAMEJO PEREZ, as Owner of the 2018 Contender Boats 39-foot Center Consol Vessel bearing Hull Identification No. JDJ9V148B818, In a cause for Exoneration from or Limitation of Liability.

       Petitioner.                    /

**CONTENDER BOATS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONER, LUIS CAMEJO PEREZ'S PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY, AND CLAIMS FOR INDEMNIFICATION AND CONTRIBUTION**

Respondent/Claimant, CONTENDER BOATS, INC. ("Contender"), by and through the undersigned counsel, and pursuant to the Order Granting Petitioner, LUIS CAMEJO's Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction entered June 3, 2024, and Supplemental Admiralty and Maritime Rule F(5), files its Answer and Affirmative Defenses to the Petition, and files its Claim for common law indemnification and contribution, and in support hereof, states:

**ANSWER AND AFFIRMATIVE DEFENSES**

1. Admitted for jurisdictional purposes only.

2. Without knowledge, and therefore denied.

3. Without knowledge, and therefore denied.

4. Without knowledge, and therefore denied.

5. Without knowledge, and therefore denied.

6. Without knowledge, and therefore denied.

7. Without knowledge, and therefore denied.

8. Without knowledge, and therefore denied.

9. Without knowledge, and therefore denied.

10. Without knowledge, and therefore denied.

11. Without knowledge, and therefore denied.

12. Without knowledge, and therefore denied.

13. Upon information and belief, admitted.

14. Upon information and belief, admitted.

15. Without knowledge, and therefore denied.

16. Without knowledge, and therefore denied.

17. Without knowledge, and therefore denied.

18. Upon information and belief, admitted.

19. Without knowledge, and therefore denied.

20. Denied as phrased.

21. Without knowledge, and therefore denied.

22. Without knowledge, and therefore denied.

23. Without knowledge, and therefore denied.

24. Without knowledge, and therefore denied.

25. Without knowledge, and therefore denied.

26. Without knowledge, and therefore denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge, and therefore denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied and denied that Contender was in any way contributorily negligent or assumed any risk.

36. Denied.

Contender denies each and every allegation and demand for relief made by Petitioner including, but not limited to, the lettered "Wherefore" clause following the enumerated paragraphs of Petitioner's Petition.

## **AFFIRMATIVE DEFENSE**

Contender reasserts and alleges each and every allegation set forth above as fully set forth herein, and for its affirmative defenses states:

1. Petitioner fails to state a cause of action for exoneration from liability upon which relief may be granted.

2. Petitioner fails to state a cause of action for limitation of liability upon which relief may be granted.

3. Petitioner is not entitled to exoneration from or limitation of liability because his negligence in the operation of his vessel caused the subject incident, in whole or in part; therefore, he cannot avail himself of the provisions of 46 U.S.C. §30501 *et seq.*, and Supplemental Rule F.

4. Petitioner is not entitled to exoneration from, or limitation of, liability in these proceedings because the Petitioner had privity and knowledge of the conditions that may have caused or contributed to the subject incident and failed to take action to avoid the subject incident; therefore, he cannot avail himself of the provisions of 46 U.S.C. §30501 *et seq.*, and Supplemental Rule F.

5. Petitioner is not entitled to exoneration from, or limitation of, liability in these proceedings because the Petitioner had privity and knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of his vessel that may have caused or contributed to the collision, therefore, he cannot avail himself of the provisions of 46 U.S.C. §30501 *et seq.*, and Supplemental Rule F.

6. Petitioner is not entitled to exoneration from or limitation of liability because the subject incident and any and all damages, injuries, and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or lack of due care of the Petitioner and/or his vessel; therefore, he cannot avail himself of the provisions of 46 U.S.C. §30501 *et seq.*, and Supplemental Rule F.

7. Petitioner's limitation fund is inadequate, and the Petition should be dismissed because Petitioner has failed to deposit adequate security equal to the value of his subject vessel. Petitioner is not entitled to exoneration from and/or limitation of liability because the subject incident occurred as a result of human error, his own.

8. If and to the extent that this Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment,

award or settlement which may be received by Petitioner from any third party in recompense for any losses or damages sustained herein to the property or interests of Petitioner.

9. To the extent Petitioner, now or in the future, asserts a third-party action or otherwise seeks indemnity or contribution from any person or entity, that Petitioner's cause of action and ultimate recovery inures to the benefit of Contender and is to be added to the Limitation fund.

10. Without admitting liability, Contender claims the benefit of all rights available to them under the Limitation of Liability Act and affirmatively states the claims against it should not exceed the post-voyage value of the vessel, per 46 U.S.C. § 30506(b), as a matter of law.

11. Contender is entitled to a set-off for any and all monies paid to, or on behalf of, Petitioner as a result of his alleged damages, as well as any monies received from collateral sources.

12. Petitioner alleges Petitioner's violation(s) of statutory rules, including but not limited to Inland Navigation Rules, gives rise to a presumption of fault under the *Pennsylvania* Rule, a rule derived from the Supreme Court case, *The Pennsylvania*, 86 U.S. 125 (1873).

WHEREFORE, Respondent/Claimant, CONTENDER BOATS, INC., respectfully requests the Court dismiss LUIS CAMEJO PEREZ's Petition for Exoneration from or Limitation of Liability.

## **CONTENDER'S CLAIMS AGAINST LUIS CAMEJO PEREZ**

Claimant, CONTENDER BOATS, INC. ("Contender"), specifically reserving all defenses asserted herein, and pursuant to Supplemental Rule F, hereby brings these Claims against Petitioner, LUIS CAMEJO PEREZ, and as grounds, states:

## **PARTIES, JURISDICTION, & VENUE**

1. This is an action for common law indemnification and contribution.

2. This action is the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

3. Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et sq*.

4. This is an action within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. The events, acts and circumstances giving rise to this action allegedly occurred over navigable waters of the United States, in the waterways in Miami-Dade County, Florida.

6. Contender is and was the manufacturer of the 2018 39' Contender bearing hull identification number JDJ9V14B818 ("Vessel") originally equipped with four, four hundred (400) horsepower Mercury Verado engines and electronics manufactured by Brunswick Corporation d/b/a Mercury Marine ("Mercury"), owned by Petitioner, LUIS CAMEJO ("Petitioner" or "Camejo"), on which the decedent, Michael Garcia ("Garcia") was a passenger at the time of the underlying incident.

**GENERAL ALLEGATIONS**

7. On or about September 26, 2023, Garcia was allegedly a passenger onboard the Vessel owned by Camejo for the purpose of conducting a sea trial for the potential sale of the Vessel.

8. Upon information and belief, prior to the subject incident, Camejo and/or a third party at Camejo's direction negligently modified the Vessel against the Vessel's manufacturer recommendations and without authorization, which ultimately lead to the malfunctions that Camejo was aware of prior to the incident.

9. Upon information and belief, on the date of the incident, Camejo negligently operated the Vessel and/or negligently failed to warn Garcia of the known defects and dangers within the Vessel caused by the negligent and unauthorized modifications to the Vessel, and/or negligently allowed Garcia to pilot the Vessel, which lead to Mr. Garcia's death.

10. At all times material hereto, and specifically in 2017 and 2018, Contender manufactured the Vessel and placed the Vessel in the stream of commerce free of any defects and available and capable of safely performing as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner, and the Vessel was not inherently dangerous.

11. Accordingly, the subject incident was the result of Camejo's negligent handling of the Vessel, negligent alteration of the Vessel, negligent failure to warn Garcia of defects caused by such negligent alterations, and/or negligence in allowing Garcia to pilot the Vessel.

## COUNT I – COMMON LAW INDEMNIFICATION AGAINST CAMEJO

12. Paragraphs 1 through 11 are reincorporated by reference as if set forth fully herein.

13. Any potential claimants' alleged damages and injuries, if any, were caused, in part, by Camejo's negligent actions and/or omissions.

14. Based on the allegations in the underlying action, to the extent Contender is determined to be liable for any claims brought against it by any potential claimants, or any other future claims relating to this matter, its liability is only vicarious, constructive, derivative, or technical and results solely from Camejo's negligence, as Contender is entirely without fault for any damages asserted by any potential claimants.

15. If any potential claimant obtains any recovery, verdict, or judgment against Contender for damages, such damages would have been proximately caused, in part, by Camejo's negligence.

16. Accordingly, and by virtue of a special relationship, Contender is entitled to indemnification from Camejo for any judgment, verdict, or recovery obtained against him as a result of any potential claimants' claims or any other claims made in this limitation proceeding, including pre or post-judgment interest, and reasonable attorneys' fees, costs, and expenses expended in the defense of same.

WHEREFORE, Respondent/Claimant, CONTENDER BOATS, INC., demands judgment against LUIS CAMEJO PEREZ for damages, together with interest, attorneys' fees, and costs, and for such further relief as this Court deems just and proper.

## COUNT II - CONTRIBUTION

17. Paragraphs 1 through 11 are reincorporated by reference as if set forth fully herein.

18. Any potential claimants' alleged injuries and damages, if any, are improperly attributed to Contender's acts and/or omissions and were actually and proximately caused by Camejo's acts and/or omissions, for the reasons set forth herein.

19. Consequently, should Contender be held liable for any potential claimants or any other claimants relating to this matter for their alleged injuries and damages, whether in whole or in part, Contender is entitled to contribution from Camejo for his proportionate share of fault.

20. Contender does not admit to any negligence or liability on its part.

WHEREFORE, Respondent/Claimant, CONTENDER BOATS, INC., demands judgment against Luis Camejo Perez, for damages, together with interest, attorneys' fees, costs, and for such further relief as this Court deems just and proper.

Dated: August 1, 2024

> Respectfully submitted,
>
> **DAVANT LAW, P.A.**
> *Counsel for Defendant Contender Boats, Inc.*
> 12 Southeast 7th Street, Suite 601
> Fort Lauderdale, FL 33301
> Telephone: (954) 414-0400
>
> By:  */s/ Charles S. Davant*
> _____
> Charles S. Davant
> Florida Bar No. 15178
> csd@davantlaw.com
> T. Lee Smith
> Florida Bar No. 1010873
> tls@davantlaw.com

## Certificate of Service

I certify that on August 1, 2024, the foregoing document was filed with the Court's CM/ECF Document Filing System, which will serve a copy upon all counsel of record.

>  */s/ Charles S. Davant*
> _____