**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-CV-20923-AHS

In the Matter of LUIS CAMEJO PEREZ, as Owner of the 2018 Contender Boats 39-foot Center Console Vessel bearing Hull Identification No. JDJ9V148B818,

     Petitioner.

**ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM OF MERCURY MARINE, A DIVISION OF BRUNSWICK CORPORATION**

  Mercury Marine, a division of Brunswick Corporation ("Mercury Marine"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer, Affirmative Defenses, and Claim for Contribution and/or Indemnity in the Matter of Luis Camejo Perez, as Owner of the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification No. JDJ9V148B818 (the "Vessel"). In support thereof, Mercury Marine sets forth the following:

**ANSWER**

  1. Denies the allegations contained in paragraph 1 of the Petition deeming them questions of law to which it need not respond.

  2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Petition and, therefore, denies same.

  3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Petition and, therefore, denies same.

  4. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 4 of the Petition and, therefore, denies same.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Petition and therefore, denies same.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Petition and therefore, denies same.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Petition and therefore, denies same.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Petition and therefore, denies same.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Petition and therefore, denies same.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Petition and therefore, denies same.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Petition and therefore, denies same.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Petition and therefore, denies same.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Petition and, therefore, denies same.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Petition and, therefore, denies same.

15. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 15 of the Petition and, therefore, denies same.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Petition and therefore, denies same.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Petition and therefore, denies same.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Petition and therefore, denies same.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Petition and therefore, denies same.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Petition and therefore, denies same.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Petition and therefore, denies same.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Petition and, therefore, denies same.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Petition and, therefore, denies same.

24. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 24 of the Petition and, therefore, denies same.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Petition and therefore, denies same.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Petition and therefore, denies same.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition and therefore, denies same.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Petition and therefore, denies same.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Petition and therefore, denies same.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Petition and therefore, denies same.

31. Denies the allegations contained in paragraph 31 of the Petition.

32. Denies the allegations contained in paragraph 32 of the Petition.

33. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 33 of the Petition and, therefore, denies same.

34. Denies the allegations contained in paragraph 34 of the Petition.

35. Denies the allegations contained in paragraph 35 of the Petition.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Petition and therefore, denies same.

37. Mercury Marine denies each and every allegation not expressly admitted herein.

WHEREFORE, MERCURY MARINE prays:

(a) That the prayer of Luis Camejo Perez, as Owner of the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818, for exoneration from or limitation of liability be denied;

(b) That this Court grant such other, further, and different relief as justice may require.

## AFFIRMATIVE DEFENSES OF MERCURY MARINE

### Affirmative Defense No. 1 - Failure to State a Claim

1. The facts alleged in the Petition do not support an action for exoneration from liability or for limitation of liability under any statute or any legal or equitable doctrine or theory.

### Affirmative Defense No. 2 - Right to Offset

2. Mercury Marine is entitled to a set-off for any damages ultimately awarded to Petitioner,

4

including any amounts recovered by Petitioner in any settlements made with other parties, if any.

<u>Affirmative Defense No. 3 - Failure to Mitigate</u>

3.     Petitioner, by his actions and inactions, exacerbated any losses about which he now complains.

<u>Affirmative Defense Nos. 4-8 - Misuse</u>

4.     Petitioner is prohibited from seeking relief under 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F as he was responsible for the subject incident, including his comparative negligence in operating the Vessel, in allowing it to operated by others in a reckless manner, and for failing to maintain the Vessel.

5.     If it is revealed that the alleged non-conformities, the existence of which are denied, is the result of an accident, misuse, misapplication, alteration, improper installation, storage damage, negligence or modification, then Petitioner's recovery is barred.

6.     The subject incident and any resulting damages were caused in whole or in part by the negligent or otherwise improper conduct of other third parties. Mercury Marine reserves its right to amend this affirmative defense and seek to interplead additional parties as discovery progresses.

7.     To the extent the product was modified, altered, or otherwise tampered with in an unforeseeable manner after it left the possession and control of Mercury Marine, then Petitioner's recovery is barred.

8.     The subject incident and any resulting damages were the result of intervening acts of persons or entities over whom Mercury Marine had no control. Mercury Marine reserves its right to amend this affirmative defense and seek to interplead additional parties as discovery progresses.

<u>Affirmative Defense No. 9 - Collateral Sources</u>

9.     If any damages are awarded to compensate Petitioner for losses sustained, the Court must reduce the amount of any such award by the total of all amounts which have been paid for the

benefit of Petitioner or which are otherwise available to him from any collateral source.

Affirmative Defense No. 10 - Equitable Defenses

10. Petitioner's claims to exoneration of liability and/or limitation of liability are barred in whole, or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

Affirmative Defense No. 11 - Comparative Negligence

11. Mercury Marine alleges that any purported injuries and damages, if any, were caused in whole or in part by Petitioner's own negligence or other improper conduct, and therefore, the doctrine of comparative negligence applies. For instance, Plaintiff failed to exercise due care when using the Vessel and/or allowing the Vessel to be operated by others and/or maintaining the Vessel.

Mercury Marine reserves the right to plead any and all additional affirmative defenses that become known during discovery.

WHEREFORE, Defendant Mercury Marine, a division of Brunswick Corporation, respectfully requests that this Court enter an Order in favor of Mercury Marine on all claims raised against it in the Petition, for the Dismissal of Petitioner's claim for exoneration from liability and/or limitation of liability, and for any other further relief this Court may deem proper

## CLAIM OF MERCURY MARINE

1. The Court has subject matter jurisdiction as an admiralty action and under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

2. This action arises under Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules of Admiralty.

3. The accident is alleged to have occurred on or about September 26, 2023, when Luis Camejo, Orlando Reyes, and decedent Michael Garcia were operating the Vessel in the navigable waters of Biscayne Bay at a high rate of speed. While the 2018 39' Contender bearing Hull Identification Number JDJ9V14B818 (the "Vessel") was being operated in a negligent and

reckless manner, it flipped over and ejected the occupants, resulting in injuries including Mr. Garcia's death. Allegations have previously been made that Mr. Camejo failed to properly warn Mr. Garcia of how to operate the Vessel.

4. The accident was caused by the negligence and fault of Mr. Camejo and Mr. Garcia, as to which Mr. Camejo and Mr. Garcia had privity or knowledge in the following respects, amongst others, which will be more fully shown at the trial of this cause:

a. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be operated negligently and recklessly, resulting in it flipping over and the ensuing accident;

b. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be under the care, custody, and control of unqualified and inexperienced persons;

c. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be under the care, custody, and control of person in violations of Florida Statutes § 327.395;

d. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be maintained and/or stored in a unsatisfactory and/or deficient condition;

e. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be altered and/or modified;

   f. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be under the care, custody, and control of person in violations of other relevant Florida Statutes;

   g. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be navigated in an unsafe manner;

   h. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be navigated in such a way as to not keep it from flipping over and ejecting the occupants;

   i. By causing and permitting the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818 to be operated at a high rate of speed; and

   j. By such other negligence and fault as will be shown at the time of trial of this cause.

5. If, as a result of the negligence and fault of Mr. Garcia and Mr. Camejo, a judgment is rendered against Mercury Marine for personal injuries or property damage, that it be afforded indemnification and/or contribution based upon the proportion of relative responsibility which is found to be attributed to Mr. Garcia and Mr. Camejo.

6. Mercury Marine is without fault in the underlying legal action.

7. Rather, the acts and omissions of Mr. Garcia and Mr. Camejo were the sold and proximate causes of the subject incident.

8. As the owner and/or possibly the operator of the Vessel at the time of the incident, Mr. Camejo owed his passengers a reasonable duty of care, including operating the Vessel safely,

operating the Vessel at a safe, reasonable, and legal speed, avoiding marine hazards, and refraining from unnecessarily dangerous modes of operating the Vessel.

9. Mr. Camejo breached these duties of care.

10. Mr. Camejo's breaches of these duties of care proximately caused the injuries and damages to the passengers of the Vessel.

11. But for the acts and omissions of Mr. Camejo, Mercury Marine would not have to be defending itself in any of these actions, incurring possible liability and damages, attorneys' fees, and costs.

12. If Mercury Marine were to be found liable in any way, such liability would be vicarious, constructive, special, technical, and/or derivative in nature, as Mercury Marine is without fault or negligence of any kind on its own part.

13. Mercury Marine's liability would be founded exclusively upon the fault, acts, and/or omissions of Mr. Camejo and/or Mr. Garcia.

14. Mercury Marine has retained the services of undersigned counsel to defend it against any claims, and will continue to incur reasonable attorneys' fees and costs.

15. If Mercury Marine is found liable in any way, Mercury Marine is entitled to common law indemnity from Mr. Camejo.

16. If Mercury Marine is found liable in any way, Mercury Marine is entitled to contribution from Mr. Camejo based upon his apportioned fault.

WHEREFORE, MERCURY MARINE prays:

17. That the claims of MERCURY MARINE for contribution and/or indemnification be approved and allowed in full;

18. That judgment be entered against petitioner Luis Camejo Perez, as Owner of the 2018 Contender Boats 39' Center Console Vessel bearing Hull Identification Number JDJ9V148B818, plus interests and costs; and

19. That this Court grant such other, further, and different relief as justice may require.

Dated:  August 2, 2024

Respectfully submitted,

**K&L Gates LLP**
*Counsel for Defendant Brunswick Corporation d/b/a Mercury Marine*
Christina M. Paul, Esq.
Florida Bar No. 596876
Email: christina.paul@klgates.com
Charles F. Wolf, Esq.
Florida Bar No. 99227
Email: charles.wolf@klgates.com
Southeast Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL  33131-2399
Telephone:  305-539-3300
Facsimile:   305-358-7095

By:  /s/  Christina M. Paul

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to all counsel on the below service list on this 2nd day of August, 2024.

/s/  Christina M. Paul

John Michael Pennekamp, Esq.
Victor Jose Pelaez, Esq.
Fowler White Burnett P.A.
1395 Brickell Avenue
14th Floor
Miami, FL 33131-3302
Tel: 305-789-9200
Fax: 305-789-9201
Email: jmp@fowler-white.com

Email: vpelaez@fowler-white.com
*Counsel for Petitioner Luis Camejo Perez*

Yesenia Arely Collazo, Esq.
10200 NW 25 Street, Suite 201
Miami, FL 33172
Tel: 3054776401
Email: collazo@collazolawfirm.com
*Counsel for Defendant Orlando Reyes and Unknown Claimants*

Christine Marie Lugo, Esq.
5000 S.W. 75th Avenue, Suite 300
Miami, FL 33155
Tel: 305-614-2222
Email: clugo002@fiu.edu
*Counsel for Claimant Anneliesse O'Conor*

John Hasan Ruiz, Esq.
MSP Recovery Law Firm
2701 S. Le Jeune Road, 10th Floor
Coral Gables, FL 33134
Tel: 305-614-2222
Email: jruiz@msprecoverylawfirm.com
*Co-Counsel for Claimant Anneliesse O'Conor*

Charles Stuart Davant, Esq.
Davant Law, PA
12 Southeast 7th Street
Ste 601
Fort Lauderdale, FL 33301
Tel: 954-414-0400
Fax: 954-516-6766
Email: csd@davantlaw.com
*Counsel for Claimant Contender Boats, Inc.*