UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

In the Matter of LUIS CAMEJO PEREZ, as
Owner of the 2018 Contender Boats 39-foot
Center Console Vessel bearing Hull
Identification No. JDJ9V148B818,

        Petitioner.

CASE NO. 24-cv-20923-AHS

## PETITIONER'S OBJECTION, ANSWER, AND AFFIRMATIVE DEFENSES TO CLAIM OF MERCURY MARINE, A DIVISION OF BRUNSWICK CORPORATION

LUIS CAMEJO PEREZ ("Petitioner"), as Owner of the 2018 Contender Boats 39-foot center console vessel bearing Hull Identification No. JDJ9V148B818 (the "Vessel"), objects to the claims asserted by Mercury Marine, a division of Brunswick Corporation ("Mercury"), in this action, submits this Answer and Affirmative Defenses to Mercury's August 2, 2024 Claim [ECF No. 25], and states:

### PETITIONER'S OBJECTION TO CLAIMS OF MERCURY

Petitioner objects to the claims filed against him by Mercury and demands strict proof as to each and every element thereof. Petitioner further reserves all defenses and objections to the claims of Mercury.

### PETITIONER'S ANSWER TO CLAIMS OF MERCURY

1.      Admitted.

2.      Admitted.

3.      Admitted only that Mr. Garcia was piloting the Vessel on the date alleged when it veered sharply to one side and ejected all of the occupants onboard. Further admitted that Mr. Garcia died as a result of the subject incident. All other allegations are denied.

1

4.      Denied, including all allegations in subparts (a.) through (j.).

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.      Denied.

**PETITIONER'S AFFIRMATIVE DEFENSES TO CLAIMS OF MERCURY**

1.      Mercury's claims fail to state a claim upon which relief can be granted against Petitioner.

2.      The incident and any injuries and/or damages alleged were caused by the intervening, interceding and/or superseding and unforeseeable acts or omissions of other persons, parties, and/or entities over whom Petitioner had no control or responsibility for, and for whose actions Petitioner is not liable, including but not limited to the actions of Mercury, which manufactured the subject engines and placed them into the stream of commerce.

2

3.      The incident and any injuries and/or damages alleged were proximately caused, in whole or in part, by separate, distinct, and/or unrelated actions, events, or accidents, which are distinct, unrelated, and/or remote (either prior or subsequent) to any alleged act or omission of this Petitioner.

4.      Mercury's claims against Petitioner fail as a matter of law because Mercury has suffered no cognizable damages and its claims are premature.

5.      Mercury's claims against Petitioner fail as a matter of law because Mercury was responsible, wholly or in part, for causing the incident and all injuries and damages arising from it.

6.      Mercury's claims against Petitioner fail as a matter of law because Petitioner was not responsible, neither wholly nor in part, for causing the incident or any of the injuries and damages arising from it.

7.      Petitioner is entitled to a credit and/or setoff from any and all benefits paid and/or payable to any claimants, and any and all other benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with Florida Statute § 768.76.

8.      Petitioner is entitled to a setoff in the full amount of all settlements and any other compensation that claimants have received from any other persons or entities, or may receive, as a result of the injuries and damages which are alleged to have occurred in this claim.

9.      Mercury has comparative fault because it directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, and any damages that may be awarded to Mercury must therefore be reduced in proportion to Mercury's own comparative fault.

3

10.     Mercury's claims are governed by general maritime law of the United States and any recovery is limited by general maritime law.

11.     To the extent applicable, any award of damages to Mercury must be reduced or set off to account for any and all monies paid to Mercury or on its behalf by third parties or collateral sources, including any payments from insurance providers, or any other sources, relating in any way to this action.

12.     Mercury's recovery, if any, is limited to the post-incident value of the subject vessel pursuant to the federal Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501 *et seq*.

13.     Petitioner is entitled to all privileges and immunities enjoyed by the tortfeasor under any modification of joint and several liability statutes, as well as all apportionment and periodic payments of judgment statute.

14.     Mercury's claims are barred in whole, or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

15.     Petitioner is entitled to indemnity and/or contribution from the claimants or other component part manufacturers and distributors for the subject Vessel and its engines.

WHEREFORE, Petitioner respectfully requests that this Court:

(a)     enter a judgment finding that Petitioner and the Vessel and its appurtenances are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising from the Incident and, accordingly, exonerating Petitioner from any and all liability which has been or may be claimed against it as a result of the Incident or, in the alternative, if any such liability is found to exist, limiting Petitioner's liability to the amount of the value of Petitioner's interest in the Vessel, its appurtenances, and pending freight immediately after the

Incident and directing that any such potential award be divided *pro rata* among such claimants as may duly prove their claims before this Court, saving to all parties any priorities that they may be legally entitled to, and that judgment be entered discharging Petitioner, the Vessel, and its appurtenances of and from all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Petitioner or its property in consequence of or in connection with the Incident or any other matters and happenings referred to in this Petition; and

(b) grant any such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

*/s/ Victor J. Pelaez*
J. Michael Pennekamp, Esq.
Fla. Bar No. 983454
jmp@fowler-white.com

Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com

FOWLER WHITE BURNETT, P.A.
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

5